Our next case for today is 2019-1129 Rovi Guides v. Comcast Cable Ms. Kelley, please proceed in your lobby. Your Honors, may it please the Court, Christina Kejiano-Kelley on behalf of Appellant Rovi Guides. The Board final written decisions in the 866 and 867 IPRs on appeal today were based on an erroneous claim construction of the term directing an output. Rovi argued to the Board as the Board expressly stated in its decision that the plain meaning of the term directing an output requires selection between two or more possible output paths. That was how the Board articulated the claim construction dispute and the proposed construction report. I direct my children to all kinds of things. It doesn't mean they have choices. No, but you have the choice. You are making the choice. That is why you are the director. Yes, but why does there have to be two different choices simply when you direct someone to something? Sometimes there's no choice at all. I'm just giving you a direction to do it. Well, I think in order for the act of directing to mean something, then there needs to at least be two possible different things you might have directed. Otherwise, you may be making a statement, but if there was no other choice than to use your child analogy, if the child is going to do what the child is going to do regardless of what you say, you're not really directing. You're just making a statement, and then whatever was going to happen is going to happen. That didn't work. I don't understand why directing an output of said tuner, I don't understand why that necessitates two or more choices. I just don't get it. Well, so I think the claim doesn't say choose. No, it doesn't. Or something like that. It's just directing. So I think the word directing itself, having the root word coming from direction, in order to direct something, and in order for that to be a step that takes place at a certain time in response to a certain event, there needs to be an act, a force exerted, or a decision made, and in order for that decision to have meaning, you have to be selecting between two potential different outcomes. But I'm not sure why that is, when this is a claim that articulates all of the things that are supposed to occur in a method, and really what is the device that's going to be performing those actions, right? So it's an interactive television programming guide, said method comprising, and then it says receiving, storing, causing, receiving, receiving, directing. I mean, I don't see how, when you're just saying, when you're articulating who has to happen, and the order in which it has to occur, I'm not sure I understand why the word necessarily requires two or more options. So even if this Court doesn't think that the selection of two or more possible output paths is the proper claim construction, giving this term any meaning at all, just giving it the meaning that it is an action step, an action that is performed at a certain time by a certain component, is still giving it more meaning than the Board gave it. Because the Board essentially said this term has no meaning at all in saying that it does not exclude embodiments that have dedicated output paths. If you have a dedicated output path... Well, a dedicated output path is still directing something, right? I mean, it's like when you put... I'll try another example, because we didn't do so great with my first one. But like when you're bowling, I've got a little kid. You put the bumpers up on the thing. She can't now, when those bumpers are up, she can't... What's it called when the ball goes into the little side thing? The gutter? Yeah, she can't throw a gutter ball, right? But her ball is still being directed down the path. There's no other place for it to go, but it's still being directed. So why isn't that consistent with what the Board held here? Well, so I think that example shows that the bumpers that go in the gutters, the bumpers are directing the ball towards the pins by removing... No, actually, it's her throw, but yes, but in any event. Well, so the... So I think in that analogy, though, I would say the thing that is doing the directing is the bumpers. The bumpers direct the ball towards the pins by removing the output path of the gutter. So before there were two options, or actually three, because there's two gutters, but you could go in the gutter or you could hit the pins. The bumpers direct the output of the ball by directing it to the pins instead of allowing it to go in the gutter. That's what directing an output means. Yeah, that was a good response to that hypo. Not so good on the first one, but you got me on the second one. But I'm still not with you, though. Keep going. Maybe somebody else is. So for the step of directing an output to have any meaning whatsoever, it cannot read on something that has a dedicated output path, because where you have a dedicated output path, the fate of the input to the output is hardwired into the system. It exists at all times. It is not in response to any particular event. So if you look at, for instance, the dependent claims, Yeah, but here's the thing. When something is hardwired, just pushing it down that hardwired path is directing it even though there's no place else it could go. It's still being directed from maybe one device to another or from one place to another. The signal's being directed even though there's nowhere else the signal could go. It's still propagating down the path. But in that case, it's not being directed by an interactive program guide, which the claim requires. In that case, it's being directed simply by virtue of the existence of the hardware, and it's not being... Wait, hang on just a second. You've got a claim. Maybe I'm looking at the wrong claim, but this is a method claim, right? Yes. Okay. The only thing you've got here, you don't say what it's doing in the directing because it's a method claim, and the limitation is directing an output, and then it has some more language, and it says to said video recorder, and then it also says to be viewed by said display device. So there's different things being sent to different places, and it doesn't say what's doing it, and all it says is directing it, which to me says no more than sending it. So you're correct. I misspoke when I said by. I should have said with. If you look, for example, on page 27 of our opening brief, we reproduce the directing and output step from claim one, and we have there in red the language with said interactive television program guide. That was what I was intending to refer to. So I should have said you are not directing dedicated output pads with hardware. So you're directing an output to be viewed to said display device with said interactive television program guide. How does the addition of the with said interactive television program guide mean that directing an output means there has to be a single dedicated line or not a dedicated line? So if there is just a single dedicated line, then there is no divide. The interactive program guide isn't what you are using to direct the output from the tuner to wherever the destination is. It's just the wire that connects the components is what causes the output to go from the tuner. So you're reading the language with said interactive television program guide as requiring that the interactive television program guide perform the directing? Yes. How can that be? I think what it's saying is it's going to be viewed on the display device along with an interactive television program guide, which is an image. It's a picture. So I think it's clearer if you look at the claim as a whole, because interactive television program guide is also referenced. If you look in, for example, the preamble or if you look in Claims 9 and Claims 17, they're talking about how you have this overall system. And the interactive television program guide is what is navigating this entire system. And so you receive the selection by interacting with the interactive television program guide. You direct the output through interaction with the interactive television program guide. Do you agree, though, that the interactive television program guide is something that, according to the specification, is not only something you can interact with, but it's also something that's displayed on the television? So the interactive television guide has a user interface, and the user interface is displayed on the television. Okay. But the interactive program guide itself is the process. It's the computer process that's handling all of these procedures. And its user interface is sort of a grid that you scroll and you have a remote control and you can see what happens. So the user interface is part of the interactive television program guide. And part of what the interactive television program guide involves is also it is configured into the set-top box. It is configured with machine program logic, as Claims 17 tells us, for making decisions like, how do I accommodate particular user requests? And so if a user requests to view a particular program at a particular time, the interactive program guide will then send a command that directs a tuner to give an output to, for instance, a display at that particular time. And if the user instead selects to record a program at a particular time, the interactive television program guide, but by interfacing with it, then the control circuitry as part of that will issue a command to direct the output of one of the tuners to the recording device instead of to the display. And the fact that it has those options of going to either the display or the recording device is how you get the functionality that you can record one program while simultaneously watching another. Or you could record two programs at once, or you could have picture-in-picture display and watch two programs at once. Either way, you need to have a tuner that can be directed to accommodate the user selection. And that user selection is a previous limitation of the claims. And then directing an output happens in response to the user selection in order to accommodate that selection. I see that I'm into my rebuttal time, so if there are no further questions, I will wait. That's great. Mr. Lisson, please proceed. David Lisson on behalf of Comcast, and may it please the Court. Roby's appeal is entirely based on the wrong interpretation of directing an output. But even if Roby were right, the appeal still fails because two of the four grounds disclose the switching that Roby says is required. I'll start on directing an output because that's where the Court seemed focused, and I think the Court put its finger on it. Directing an output just means sending it or causing it to move along its path. I'm not going to belabor that point with more analogies, but if there were any dispute about what it means in the abstract, the claims in the specification of the patent make it clear. The claims recite a set-top box with two tuners, one each for the display and the video recorder. One each suggests exactly what it says. There's one tuner for the video recorder and one tuner for the display. There's no recitation of switching or selecting between different paths. Now, Roby makes the argument that allowing for dedicated output paths makes directing an output superfluous, and that's simply not true. It remains its own step. When you say it remains its own step, does the user, for example, have to hit Enter in the interactive television program guide to cause it to be directed? Is there some action that has to be taken with regard to the guide? Because it's not just directing, it's directing it with the guide, so that implies some action. Right, so the previous two steps are receiving the user selections of the two programs. So you have receiving the user selection of the program to record and to display. Then you have a separate step of directing the output. In that instance, the guide or the program logic, depending on the claim, is sending the output on its way. And then the next step is displaying one of the programs and recording the other at the same time. So directing an output maintains its independent meaning. It's its independent step. It's the sending of the output to the display device and the recorder. But the next step talks about actually recording and displaying at the same time. So you're saying it's still the interactive television program guide that's doing the sending, it's just there isn't a user selection option at that stage in the claim. The user selection has already occurred in the claim. Right. That's what I said at that stage. There's not, like, another push-button thing that has to happen for this to occur. That's right. The software receives the selection and sends it on its way. I'm just kind of baffled. How are we here on a VCR patent? I kind of feel like that may not be state-of-the-art technology. Well, and worse than that, Your Honor, the disclosure of this two-tuner embodiment is limited to one sentence in the specification that reads, a set-top box may include two tuners. A set-top box not shown may include two tuners, one each for the display and the recorder. And so, again, that suggests dedicated output. That's the extent of a two-tuner set-top box in the entire specification. And it's preceded by two other embodiments that have directed outputs. The specification says that you can connect the VCR to the television, kind of daisy-chain it one after the other. It also says that for watch and record, you can connect the television directly to the antenna. Again, dedicated output path. So there's no disclosure of switching or any requirement in the specification. There's a related case in the district court noted in the briefs. What is, just out of curiosity, the accused product? It's essentially watch and record on a cable system. That's the accused product. And that case has stayed, but it really is... They're attempting to claim and cover all watch and record functionality based on one sentence in the specification that was not only thin, but late. That's why there are four separate grounds of obviousness that the board found. Two of which actually had the switching that Roe v. Nassos required. I can touch on those briefly. I don't think there's any dispute. If you touch on anything she didn't cover, she then gets to address it in her rebuttal time. So I leave that up to you. Okay. With that in mind, unless the court has any other questions, I'll cede my time. Okay. Ms. Kelly. Yeah, so just to pick up on a few things that were said, I want to make sure that it is clear. Everybody agrees, it seems, that directing an output does have to be a separate step. I mean, I just heard opposing counsel say that it is a separate step. But if you have hardwired dedicated output pads, then directing an output is never a step that happens at a certain time in response to a certain event. There is no time before the directing an output, starting from the existence of your center top box. I understand. So you receive user selections to record, receive user selections to view, right? Yes. When you receive those selections, receiving isn't initiating. It isn't directing. Correct. So wouldn't there then be software that would be necessary to then direct that would be present? According to the claims, yes, but not according to the prior art cited that has dedicated output pads. There is no event of directing the output. You're saying there's no logic at all? Correct. The tuner outputs to a given destination, and there is no machine program logic or anything involved in that. But why doesn't the wire do the directing if it's hardwired? If you want to construe the word directing very broadly and say that the wire is doing the directing, then I don't necessarily disagree with that being the outcome of a broad construction, but you're certainly not directing an output with an interactive program guide in response to a user selection because that output is always directed, because that wire is always there. Wait, you just added in response to a user selection. Where is that in the claim?  Yeah, but that's not Claim 1, and you guys told us to focus on Claim 1, right? Well, yes, but I think when the dependent claims add more information to what is being directed, it also tells you what directing an output has to mean. No, it tells you that Claim 1 has to be broader than that, which means Claim 1 can occur in any way, whether user-selected or not. That's correct, but if your construction of directing an output in Claim 1 is so broad that it reads on dedicated output paths and the dependent claims are meaningless, they're impossible if you have dedicated output paths, then that is an indication that chances are your claim construction is too broad for Claim 1. No, no, no, no, no, no, no. An independent claim means precisely that things that aren't necessarily covered by the dependent claim are covered by the independent claim. Yes, I understand. I'm not disputing that. What I'm saying is if you have an embodiment that has a dedicated output path, then a dependent claim that says directing an output at a certain time doesn't make sense anymore. Directing an output in reverse to something. I have a separate question, which is what about the tuners? I don't think that this is happening automatically. According to your specification, upon receiving the viewer's channel selection, the control unit 74 causes the tuning circuitry 72 to tune to the selected channel. Why isn't that directing? Because there's no separate step between in your claim it says receiving a user selection and then it says directing an output. Right. Because directing a tuner to tune to a specific channel is a different direction than directing the output. If there's a dedicated line, it might meet the claim language, right? I don't think so, because directing an output of the tuner to a particular destination is its own choice, regardless of what channel that tuner is tuned to. In order to direct the output of the tuner to a particular destination, you need to have at least more than one destination. Part of directing the output of the first tuner of the first television program selected to be recorded to said video recorder is the full limitation, and it could include the tuning step. That could be part of the directing, because it's a broad clause. It doesn't say just directing an output of the first tuner. It says directing output of said first tuner of said first television program selected to be recorded. I mean, there's a lot there. Right, but I think those words add more limitations. They don't erase the limitations that were already recited, that directing an output has to be done with the interactive television program guide, that it's a separate step from receiving the user selection. And so the fact that it then goes on to talk about what is being directed and how that relates to the user selection doesn't mean that directing an output isn't its own step. Okay. Thank you, Ms. Kelly. We've exceeded our time for the day for this case. I thank both counsel. The case is taken under submission.